UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                                                                                           :

Barron Partners, L.P.                                                      :

                           Plaintiff,                                        :

v.                                                                    :        11 CV 0545 (JSR)

CNPV Solar Power, S.A.,                                 :

                           Defendant.                                  :

------------------------------------------------------------------x

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant CNPV Solar Power, S.A. ("CNPV"), by its undersigned attorneys, denies each and every allegation not specifically admitted, and in every respect denies liability, denies that it engaged in any improper conduct, and denies that the Plaintiff is entitled to relief. All allegations contained in headings, or otherwise outside of numbered paragraphs, are also denied to the extent a response to them is required. CNPV responds to the specifically numbered allegations of the Complaint as follows:

       1.       Paragraph 1 contains legal conclusions to which no response is required.

       2.       Paragraph 2 contains legal conclusions to which no response is required.

       3.       The first sentence of paragraph 3 purports to characterize the complaint and therefore no response is required. To the extent a response is required, CNPV denies those allegations. CNPV admits the second and third sentences of paragraph 3. The fourth sentence of paragraph 3 purports to characterize the SPA, which is a document that speaks for itself.

Therefore, no response is required.  CNPV admits that it has not delivered Preference Shares to Barron, but otherwise denies the remaining allegations contained in Paragraph 3 including any implication that CNPV is legally obligated to deliver the Preference Shares to Barron.

4. CNPV lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies them.

5. Admitted.

6. CNPV admits that on or about May 21, 2010, it entered into a single agreement (the SPA) with one consolidated group of four investors (the "Investor Group").  CNPV further admits that Barron was a member of the Investor Group.  CNPV denies all remaining allegations in Paragraph 6.

7. Paragraph 7 purports to characterize and summarize the SPA, which is a document that speaks for itself.  Therefore, no response is required.  To the extent a response is required, CNPV denies that Paragraph 7 is a complete or accurate summary of that document.

8. Admitted.

9. CNPV denies any implication in Paragraph 9 that the consolidated Investor Group performed all required conditions, covenants and promises set forth in the SPA, but CNPV admits that it is not presently aware of any such failure on the part of Barron.  CNPV denies all remaining allegations in Paragraph 9.

10. CNPV admits that on or about May 29, 2010, it signed a document entitled "Release Notice."  It further states that the remainder of the allegations in the first sentence of

Paragraph 10 purport to characterize that document, which speaks for itself. Therefore, no further response is required to those allegations. To the extent a response is required, CNPV denies that they are a complete and accurate summary of that document. CNPV admits that the escrow agent released the funds it was holding (which represented only 50% of that which the Investor Group promised) on or about May 29, 2010. The remainder of Paragraph 10 contains legal conclusions and/or characterizations of documents that speak for themselves. Therefore, no response is required to those allegations.

11. CNPV admits that it received the portion of the Investor Group's aggregate investment that had been held in escrow, and that it did not deliver the convertible note and warrants to Barron. CNPV denies any remaining allegations in Paragraph 11.

12. CNPV admits that it and the Investor Group signed a purported amendment to the SPA in the second half of 2010. The remainder of the allegations in Paragraph 12 are either a legal conclusion or purported summaries of the amendment or preference shares, both of which are documents that speak for themselves. Therefore, no response is required. To the extent a response is required, CNPV denies those conclusions and that the summaries are a complete and accurate summary of those documents.

13. Paragraph 13 summarizes a purported amendment to SPA, which is a document that speaks for itself. Therefore, no response is required. To the extent a response is required, CNPV denies that Paragraph 13 is a complete and accurate summary of that document.

14. Paragraph 14 summarizes a purported amendment to SPA, which is a document that speaks for itself. Therefore, no response is required. To the extent a response is required, CNPV denies that Paragraph 14 is a complete or accurate summary of that document.

15. Admitted.

16. CNPV admits that it sent a letter to Barron on or about December 19, 2010. The remainder of the allegations in Paragraph 16 summarize that document, which speaks for itself. Therefore, no response to those allegations is required. To the extent a response is required, CNPV denies that Paragraph 16 contains a complete or accurate summary of that document.

17. CNPV admits that Baron sent a letter to CNPV on or about December 20, 2010. The remainder of the allegations in Paragraph 17 purport to summarize that document, which speaks for itself. Therefore, no response to those allegations is required. To the extent a response is required, CNPV denies that Paragraph 17 contains a complete or accurate summary of that document.

18. CNPV admits that Baron sent a letter to CNPV on or about December 29, 2010. The remainder of the allegations in Paragraph 18 purport to summarize that document, which speaks for itself. Therefore, no response to those allegations is required. To the extent a response is required, CNPV denies that Paragraph 18 contains a complete or accurate summary of that document.

19. CNPV admits that it has not delivered Preference Shares to Barron, but denies that it has breached any legal obligation to do so. CNPV admits that the Preference Shares represent an ownership interest in CNPV and that the company has exciting prospects, but CNPV otherwise denies the remaining allegations in the second sentence of Paragraph 19. The allegations in the third sentence of Paragraph 19 contain conclusions of law. Therefore, no response is required. To the extent a response is required, CNPV denies those allegations.

20. CNPV realleges and incorporates by reference the responses contained in Paragraphs 1 through 19 as if fully set forth herein.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent further response is required, CNPV denies those allegations.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent further response is required, CNPV denies those allegations.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent further response is required, CNPV denies those allegations.

24. The first sentence of Paragraph 24 contains a characterization of the Complaint to which no response is required. CNPV realleges and incorporates by reference the responses contained in Paragraphs 1 through 19 as though set forth fully herein.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent further response is required, CNPV denies those allegations.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent further response is required, CNPV denies those allegations.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent further response is required, CNPV denies those allegations.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent further response is required, CNPV denies those allegations.

29.     Paragraph 29 contains legal conclusions to which no response is required.  To the extent further response is required, CNPV denies those allegations.

## AFFIRMATIVE DEFENSES

CNPV does not admit that it bears the burden of proving any of the defenses set forth below.  CNPV does not waive any affirmative defenses, and reserves the right to assert any and all affirmative defenses that may be available after reasonable discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that subject matter of the contract at issue is illegal, and the contract is therefore unenforceable.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the central purpose of the contract was frustrated, excusing CNPV's duty to perform.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the contract is void under the doctrine of mutual mistake of material fact.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action against CNPV.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that the SPA is valid and enforceable, Plaintiff's claims are barred because CNPV has the right to rescind based on the Investor Group's material breach of the SPA.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that the SPA is valid and enforceable, Plaintiff's claims are barred by the first sentence of the Indemnification Clause contained in Section 11.2 of the contract at issue.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that the SPA is valid and enforceable, Plaintiff's claim for damages is barred, in whole or in part, because Section 11.2 of the contract at issue limits Plaintiff to the "sole remedy" of specific performance, and excludes "consequential or punitive damages."

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that the SPA is valid and enforceable, Plaintiff's claim for damages, if any were incurred, must be reduced and/or eliminated in proportion to the extent to which such damages were caused by the negligence or fault of persons other than CNPV.

## NINTH AFFIRMATIVE DEFENSE

CNPV presently has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. CNPV reserves the right to assert additional defenses if discovery indicates that such additional defenses would be appropriate.

## PRAYER

WHEREFORE, CNPV respectfully demands a judgment:

1. Dismissing Plaintiff's claims with prejudice;
2. Entering judgment in favor of CNPV;
3. Awarding CNPV attorneys' fees and costs; and
4. Granting such other and further relief as the Court may deem just and proper.

Dated:  March 31, 2011                    WILMER CUTLER PICKERING HALE AND DORR LLP:

/s/ Jeremy S. Winer_____
Jeremy S. Winer
399 Park Avenue
New York, NY 10022
212.230.8800 (T)
212.230.8888 (F)
jeremy.winer@wilmerhale.com

OF COUNSEL

John J. Butts (pro hac vice application pending)
Andrew S. Dulberg (pro hac vice application
 pending)
60 State Street
Boston, MA 02109
617.526.6000 (T)
617.526.5000 (F)
john.butts@wilmerhale.com
andrew.dulberg@wilmerhale.com

*Attorneys for CNPV Solar Power, S.A.*